**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

MARK RICE

Plaintiff,

v.

STERLING COLLISION CENTERS, INC.,

Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

MARK RICE ("Plaintiff"), by and through his counsel, for his Complaint against STERLING COLLISION CENTERS, INC. (Defendant") hereby states and alleges as follows:

1. At all relevant times, Defendant provided professional Services in the Denver, Colorado metropolitan area, including the following location where Plaintiff was employed:

    a. 6870 S. Jordan Road, Centennial, CO 80112

2. Plaintiff was improperly classified as "executive", "administrative", "professional", or any other exempt class of worker when classified as an "Damage Analysis Manager."

3. The Defendant uniformly denied wages and overtime pay to Plaintiff for hours worked on behalf of the Defendant. More specifically, Defendant failed to pay overtime to the Plaintiff.

4. The Defendant's deliberate failure to pay employees their overtime compensation violates the Fair Labor Standards Act ("FLSA").

5. Plaintiff was subject to the illegal policy and practice of failing to pay workers for all time worked including failing to pay associated overtime wages.

6. This cause of action is brought to recover from Defendant unpaid wages, overtime compensation, a declaratory judgment, liquidated damages, and the costs and attorneys' fees associated with the bringing of this action, plus any additional relief that is just and proper for Plaintiff.

## JURISDICTION AND VENUE

7. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 6 of this Complaint as if set forth *verbatim*.

8. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Subject Matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce or in the production of goods for consumers as defined § 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s). The annual gross sales volume of the Defendant was in excess of $500,000 per annum.

10. Alternatively, Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

11. This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claims form a part of the same case or controversy and arise out of the common nucleus of operative facts as wage and hour claims.

12. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in the District of Colorado.

## COVERAGE

13. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 12 of this Complaint as if set forth *verbatim*.

14. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA because he was an individual employed by an employer. Also, Plaintiff was an "employee" of Defendant within the meaning of FLSA because:

   a. the Defendant exercised control over Plaintiff's work schedule, work tasks and work processes;

   b. the Plaintiff had no opportunity to experience a profit or loss consistent with the characteristics of being an **independent** businessman;

   c. the Plaintiff did not invest in Defendant's business, did not include amount of large capital expenditures, such as risk capital and capital investments, not negligible items, or labor itself;

d. Plaintiff did not transfer from place to place as particular work is offered to him; Plaintiff worked for only one employer, Defendant, and such relationship was continuous and of indefinite duration;

e. Plaintiff did not "make any **independent** judgments," and thus did not exercise his skills "in any **independent** manner;"

f. Plaintiff's services were a necessary component of Defendant's business; and

g. Plaintiff did not bring his own tools or equipment to work, all tools and equipment were the property of Defendant.

15. At all times material hereto, Defendant was an "employer" within the meaning of FLSA because Defendant acted directly or indirectly in the interest of the employer in relation to an employee.  29 U.S.C. § 203(d). See *Koellhoffer v. Plotke-Giordani*, 858 F. Supp. 2d 1181, 1189 (D. Colo. 2012).

16. The **FLSA** "defines the verb 'employ' expansively to mean 'suffer or permit to work.'" *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 326, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992) (quoting 29 U.S.C. § 203(g)). "An entity 'suffers or permits' an individual to work if, as a matter of 'economic reality', the entity functions as the individual's **employer**." *Zheng v. Liberty Apparel Co., Inc.,* 355 F.3d 61, 66 (2d Cir.2003) (citing *Goldberg v. Whitaker House Coop., Inc.,* 366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961).

17. The Tenth Circuit has adopted the economic reality test for determining an employment relationship. *Baker v. Flint Eng'g & Const. Co.,* 137 F.3d 1436, 1439 (10th Cir.1998). The *Baker* court held that "[t]he economic reality test includes inquiries into whether the alleged **employer** has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records." *Id.* (citing *Watson v. Graves,* 909 F.2d 1549, 1553 (5th Cir.1990)).

18.  At all times material hereto, Defendant was an employer because it had the ability to do the following with respect to Plaintiff: hire and fire, supervise work schedules and conditions of employment, determined rates and method of payment and were obligated under the law to maintain employment records.

19. Also, at all times material hereto, Defendant was an employer because it held exclusive operational control over Plaintiff, was solely responsible for the day-to-day operations *and* had direct responsibility for the supervision of the Plaintiff.

20. At all times material hereto, Defendant had two (2) or more employees.

21. The **FLSA** defines an **enterprise engaged** in **commerce** or in the production of goods for **commerce** as one that "(a)(i) has employees **engaged** in **commerce** or in the production of goods for **commerce,** or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for **commerce** by any person; *and* (ii) is an **enterprise** whose annual gross volume of sales made or business done is not less than $500,000...." 29 U.S.C. § 203(s)(1); *See Tripodi v. Microculture, Inc.,* 397 F. Supp. 2d 1308, 1313 (D. Utah 2005).

22. At all times material hereto, Defendant was, and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

23. Also, based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000 per annum during the relevant time periods.

24. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

25. Likewise, section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  Because none of the FLSA exemptions apply to Plaintiffs, at all times material hereto, Plaintiffs were non-exempt.

## PARTIES

26. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 25 of this Complaint as if set forth *verbatim*.

27. At all times pertinent hereto, Plaintiff MARK RICE was a citizen of the United States of America and a resident of the State of Colorado with a residential address of 6148 S. Hill Street, Littleton, CO 80120.  Plaintiff was hired as a "Damage Analysis Manager" and held that position from October 19, 2013 until March 28, 2014.  At all times pertinent hereto, Plaintiff was a misclassified non-exempt employee of the Defendant.

28. Upon information and belief, Defendant is incorporated in Massachusetts, but is doing business in Colorado with offices located at 6870 S. Jordan Road, Centennial, CO 80112

## **GENERAL ALLEGATIONS**

29. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 28 of this Complaint as if set forth *verbatim*.

30. Plaintiff was not paid for all overtime hours worked during his shifts. Plaintiff was misclassified to avoid paying his the overtime pay differential for his hours over forty per week.

31. Plaintiff was paid at the rate of $25.00 per hour and generally worked fifty (50) to fifty-five (55) hours per week for Defendant.

32. During the time that Plaintiff was classified as a "Damage Analysis Manager" he was misclassified as exempt.

33. During the time that Plaintiff was classified as a "Damage Analysis Manager" he was a manager in name only. He had no management responsibilities and no authority to make or effect employment-related decisions. His job duties and responsibilities did not include hiring and/or firing. He never worked in a supervisory capacity.

34. Plaintiff's job duties and responsibilities did not include setting pay rates, or determining pay raises.

35. Plaintiff's job duties and responsibilities did not include setting work schedules of any employee.

36. Plaintiff's job duties and responsibilities did not include awarding "promotions" or determining who would "advance."

37. Plaintiff's job duties and responsibilities did not include determining staffing levels.

38. Plaintiff's job duties and responsibilities did not include conducting employee interviews.

39. Plaintiff's job duties and responsibilities did not include the authority to discipline any other employee employed by Defendant.

40. Plaintiff's job duties and responsibilities did not include assigning work to employees employed by Defendant.

41. Plaintiff's job duties and responsibilities did not include formulating, affecting, interpreting, or implementing management policies or operating practices.

42. Plaintiff was not permitted to deviate from established policies and procedures without prior approval.

43. Plaintiff's job duties and responsibilities did not include making job assignments.

44. Plaintiff was micromanaged and tightly controlled by company policy and Defendant.

45. Plaintiff did not possess final authority as to any matter of any marginal import while employed with Defendant.

46. Plaintiff was required to obtain authorization from Defendant for even the most minor decisions.

47. Plaintiff's job duties and responsibilities did not include exercising discretion or independent judgment as to matters of significance.

48. Plaintiff's job duties and responsibilities did not include exercising judgment in selecting amongst alternative options while employed with Defendant.

49. Plaintiff's job duties and responsibilities did not include exercising independent choice that was free from immediate supervision.

50. Plaintiff's job duties and responsibilities included routine, standardized duties.

51. Plaintiff's job duties and responsibilities did not require any specialized knowledge or knowledge of an advanced type.

52. Plaintiff was required by Defendant to work significant amounts of overtime, 50 to 55 hours per week, or more.

53. Plaintiff customarily and regularly performed non-exempt work while employed with Defendant, as his work was never supervisory in nature, and merely consisted of routine clerical duties, answering phones and/or receiving visitors to the office.

54. Plaintiff was improperly classified as "executive", "administrative", "professional", or any other exempt class of worker.

55. Defendant is in possession of the employment and personnel records for Plaintiff because the Plaintiff has no right to his own employment file until the discovery phase of litigation under Colorado law. Plaintiff prays leave to amend or correct his Complaint upon receipt of documentation from his employment records.

## FIRST CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938 and Failure to Maintain Records

56. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 55 of this Complaint as if set forth *verbatim.*

57. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

58. Plaintiff is an "employee" pursuant to 29 U.S.C. § 203(e)(1).

59. Defendant is an "employer" pursuant to 29 U.S.C. § 203(d).

60. Plaintiff was suffered and/or permitted to work by Defendant pursuant to 29 U.S.C. § 203(g).

61. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff when he worked as a "Damage Analysis Manager." Accordingly, Plaintiff must be paid overtime pay in accordance with the FLSA.

62. The FLSA regulates, among other things, payment of overtime pay by employers whose employees are engaged in the alleged activities of the Defendant's facilities.

63. Defendant was, and is, subject to the recordkeeping, minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

64. Defendant violated the FLSA by failing to pay Plaintiff all of his time worked, including overtime. In the course of perpetrating these unlawful practices, Defendant has also willfully failed to keep accurate records of all hours worked by employees.

65. Plaintiff is a victim of a uniform compensation policy practice. This uniform policy and practice, in violation of the FLSA, has been applied to Plaintiff.

66. Plaintiff is entitled to damages equal to the unpaid wages and mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable and agreed-upon tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

67. Defendant has not acted in good faith, nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime wages, Plaintiff is entitled to an award of pre- and post-judgment interest at the applicable legal rate.

68. As a result of the aforesaid willful violations of the FLSA minimum wage and overtime provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff for which Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## SECOND CLAIM FOR RELIEF
**Unjust Enrichment**

69. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 68 of this Complaint as if set forth *verbatim*.

70. Defendant suffered and/or permitted Plaintiff to perform off-the-clock work in one or more work weeks.

71. Plaintiff was not compensated for these off-the-clock hours.

72. Defendant knowingly accepted the off-the-clock work, but Defendant did not compensate Plaintiff for this work.

73. Defendant has been unjustly enriched as a result of its accepting the work of Plaintiff without proper compensation.

74. It would be unjust to allow Defendant to enjoy the fruits of the Plaintiff's labor without proper compensation.

75. Plaintiff's unjust enrichment claim seeks unpaid straight time compensation for the off-the-clock work where Plaintiff made at his respective regular rates of pay, and, where applicable, overtime pay, for all hours worked.

WHEREFORE, Plaintiff demands judgment against Defendant, for the payment of compensation for which they have not been properly paid, liquidated damages, reasonable attorneys' fees and costs, prejudgment interest, and for all other appropriate relief.

## JURY DEMAND

Plaintiff requests a trial to a jury on all issues so triable.

Respectfully submitted this 23rd day of July, 2014.

BACHUS & SCHANKER, LLC

*/s/ Karen B. O'Connor*
Karen O'Connor, Esq.
Bachus & Schanker, LLC
1899 Wynkoop St., Suite 700
Denver, CO 80202
Phone: 303-893-9800
Email: Karen.OConnor@coloradolaw.net